**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALEXIS ROSENDO ORTIZ-RIVERON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1562-D |
| | ) | |
| FRED FIGUEROA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**ORDER**

Petitioner Alexis Rosendo Ortiz-Riveron filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Cuba who entered the United States on or about July 22, 2022, and was released from U.S. Immigration and Customs Enforcement (ICE) custody by an Order of Release on Recognizance. [Doc. No. 13, at 2]. Petitioner was re-detained by ICE on or about June 5, 2026, and his removal proceedings are ongoing. *Id.* Petitioner is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. [Doc. No. 1, at 1-2].

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). Petitioner alleges that he has not received a bond hearing since his re-detention by ICE. Petitioner seeks his release from custody. [Doc. No. 1].

The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. On September 29, 2026, Judge Erwin issued a Report and Recommendation [Doc. No. 13], recommending that the Court grant in part the Petition and order Respondents to provide

Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely Objection to Report and Recommendation [Doc. No. 14]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

In their objection, Respondents note that they respectfully disagree with the Tenth Circuit's decision in *Santillan Quiroz v. Mullin,* 180 F.4th 1226 (10th Cir. 2026), but concede that *Santillan Quiroz* controls this Court's decision in this habeas action.

Accordingly, Respondents' objection is overruled and § 1226(a) controls Petitioner's detention. Petitioner is therefore entitled to a bond hearing. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 13] is **ADOPTED** on de novo review**,** and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**. **IT IS THEREFORE ORDERED** that Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), within seven days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

---

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.

**IT IS SO ORDERED** this 9th day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE